**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | |
|---|---|
| SHIRE DEVELOPMENT LLC, ) <br> SHIRE PHARMACEUTICAL ) <br> DEVELOPMENT INC., ) <br> COSMO TECHNOLOGIES LIMITED, and ) <br> NOGRA PHARMA LIMITED, ) <br>   ) <br> Plaintiffs, ) <br>   ) <br> v. ) <br>   ) <br> MYLAN PHARMACEUTICALS INC., and ) <br> MYLAN INC., ) <br>   ) <br> Defendants. ) | Case No. 8:12-cv-01190-JSM-AEP |

**SHIRE'S EXPEDITED MOTION FOR SUPPLEMENTAL BRIEFING
AND ADJOURNMENT OF EXPERT DISCOVERY DEADLINES**

Plaintiffs Shire[1] respectfully request appropriate modification to the case schedule in light of the U.S. Supreme Court's ruling in the *Shire v. Watson* case, which vacated the controlling claim construction in this case.[2] Specifically, Shire requests that the Court: (1) grant leave for Plaintiffs to submit supplemental briefing (and/or argument) on claim construction and (2) adjust the case schedule for expert reports and discovery to follow the resolution of claim construction.

**I.    Introduction and Summary of the Argument**

On January 26, 2015, the U.S. Supreme Court vacated the Federal Circuit's claim construction opinion in *Shire v. Watson* – regarding the very patent-in-suit in this case.[3] The case was remanded to the Federal Circuit for reconsideration in light of *Teva v. Sandoz*, where

---

[1] Shire Development LLC, Shire Pharmaceutical Development Inc., Cosmo Technologies Limited, and Nogra Pharma Limited (collectively hereinafter "Plaintiffs" or "Shire").

[2] *See* Ex. 1, *Shire Dev. v. Watson Pharms., Inc.*, No. 14-206, 574 U.S. ---, 2015 U.S. LEXIS 850 (U.S. Jan. 26, 2015).

[3] Supreme Court Rules 44 and 45 provide that, unless a petition for rehearing is filed within 25 days from entry of judgment, mandate will then issue to the Federal Circuit.  In the event that Watson files a petition for rehearing within the 25-day period, issuance of the mandate would be stayed pending disposition of the petition.

the Supreme Court held that a district court's findings of fact regarding claim construction should be reviewed under a deferential standard. As this Court will appreciate, the now-vacated Federal Circuit *Watson* opinion formed the focus of our December 22, 2014 *Markman* hearing and related briefing.[4]

The consequence of the Supreme Court's ruling is that the Federal Circuit's *Shire v. Watson* opinion – which, again, was the central focus of the briefing and arguments during the December 22, 2014 *Markman* hearing in this case – is no longer controlling or even persuasive authority. Indeed, it is simply not the law.[5] Additionally, no longer constrained by the Federal Circuit opinion, Plaintiffs now advocate for a return to the claim construction applied by the *Shire v. Watson* District Court.[6]

We further note that we simply cannot predict how the Federal Circuit will now interpret the claims on remand – under a new deferential standard.

As such, we are adrift in an uncertain period regarding the proper construction of the claims and hence also the appropriate analysis of infringement. As a matter of judicial economy and efficiency for the parties, we do not believe it makes sense to move forward with the current schedule (including expert reports and depositions) until Plaintiffs' new construction is addressed and/or the Federal Circuit resolves the issue of claim construction. Were these efforts to proceed now, they would all be based upon vacated interpretations of the claim that are no longer the law.

---

[4] We noted to the Court during the *Markman* hearing, ECF No. 215 at 30:14-23, and also during the November 12, 2014 Teleconference, ECF No.197 at 7:21-8:11, the existence of our petition for certiorari and the possibility of its being granted in light of the *Teva v. Sandoz* case.

[5] *See supra*, n.3.

[6] When bound by the Federal Circuit opinion, Plaintiffs argued for what we continue to believe is the appropriate understanding of that opinion. However, no longer bound by the Federal Circuit opinion, Plaintiffs now urge a return to the *Watson* District Court claim construction as the proper claim construction and urge that it should apply to this case as well.

For these reasons, we respectfully urge the Court to entertain supplemental briefing on claim construction and adjust the schedule to allow expert reports and discovery to consider the final claim construction.

## II. Relevant Background Facts

### A. Current Stage of Proceedings in this Case

This is a Hatch-Waxman patent infringement case[7] involving United States Patent No. 6,773,720 and the branded product Lialda® (which treats ulcerative colitis).

Both parties to the present case have submitted claim construction briefing in accordance with the Fourth Amended Case Management and Scheduling Order (ECF No. 165). Shire additionally submitted expert testimony in support of its proposed constructions.[8] The parties recognized, as the Court also did, that "the Federal Circuit's opinion previously with regard to . . . the inner lipophilic matrix and the outer hydrophilic matrix is the law that this Court obviously would be bound by . . . ."[9] Thus, the parties' briefs relied on the Federal Circuit opinion as controlling authority with respect to the construction of the terms "inner lipophilic matrix" and "outer hydrophilic matrix."[10] Similarly the parties arguments during the December 22, 2014 *Markman* hearing relied heavily on the Federal Circuit opinion.[11]

All of this occurred before the Supreme Court's vacatur of that Federal Circuit opinion.

---

[7] The Hatch-Waxman Act governs patent lawsuits between innovator and generic pharmaceutical companies. 35 U.S.C. 271(e) and 21 U.S.C. 355.

[8] *See* Declaration of Steven R. Little, Ph.D., ECF No. 176.

[9] November 12, 2014 Teleconference Transcript, *Shire Dev. v. Mylan Pharms.*, No. 12-1190, ECF No.195 at 12:21-24 (Judge Honeywell speaking) ("November Teleconference"); *see also, e.g.*, December 22, 2014 *Markman* Hearing Transcript, *Shire Dev. v. Mylan Pharms.*, No. 12-1190, ECF No. 208 at 79:3-5 (Mylan's counsel stating, "[I]t's our view that the Federal Circuit's view of this is going to be controlling over the matter.") ("Mylan *Markman* Transcript").

[10] *See, e.g.*, Pls.' Opening Claim Construction Br., ECF No. 175 at 4 ("The Federal Circuit's opinion is binding as to claim construction on this Court.").

[11] *See, e.g.*, Mylan *Markman* Transcript at 54:1-69:22 (Shire's counsel discussing the application of the *Watson* Federal Circuit opinion to the term "inner lipophilic matrix"); *id*. at 72:7-86:17 (Mylan's counsel arguing their construction of "inner lipophilic matrix" premised on the Federall Circuit's *Watson* opinion).

3

The Court has yet to issue a claim construction decision.

In accordance with the Court's instructions during the November 12, 2014 teleconference, Shire notified the Court, on January 26, 2015, of the Supreme Court's action on Shire's petition for certiorari.[12]

Under the current schedule, expert discovery is set to begin on March 2, 2015 with service of Shire's opening expert reports on infringement.[13]

### B. Vacatur and Remand of the *Watson* Federal Circuit Opinion

As is often the case in the Hatch-Waxman context, there are multiple litigations at play regarding the same patent because multiple companies have attempted generic versions of the branded Lialda® product. Thus, as we noted in our Opening Claim Construction Brief, "we do not come to this claim construction with a clean slate."[14] Indeed, other "Lialda® cases" have already advanced to claim constructions. The *Shire v. Watson* case is the most procedurally advanced, having reached claim construction, trial, and findings of infringement and validity at the district court level; an appeal to the Federal Circuit; and review by the U.S. Supreme Court.

### 1. The *Watson* District Court Proceedings and Opinions

The *Shire v. Watson* District Court held a *Markman* hearing in December 2012, during which Watson's expert provided direct testimony and was then cross-examined by counsel for Shire. The district court specifically noted, *inter alia*, that it considered the oral testimony at the *Markman* hearing in coming to its claim construction conclusions.[15] Following a five-day bench

---

[12] Notice of Decision, ECF No. 218.

[13] Fourth Amended Case Management and Scheduling Order, ECF No. 165 at 2.

[14] Pls.' Opening Claim Construction Br., ECF No. 175 at 3.

[15] Order [Construing Terms], *Shire Dev. v. Watson Pharms., Inc.*, No. 12-60862, 2013 U.S. Dist. LEXIS 8566, at *6 (S.D. Fla. Jan. 16, 2013) ("I have reviewed the record, heard the oral testimony, and am otherwise fully advised in the premises.").

4

trial, the *Shire v. Watson* District Court issued an opinion and judgment that also cited expert testimony regarding the meaning of certain claim terms.[16]

### 2. The *Watson* Federal Circuit Reverses on a *De Novo* Standard

In an opinion dated March 28, 2014 ("the Federal Circuit opinion") the Federal Circuit reversed the district court's construction of the '720 patent claim terms "inner lipophilic matrix" and "outer hydrophilic matrix" and remanded to the district court for further proceedings. Shire subsequently filed a petition for writ of certiorari with the Supreme Court, arguing that the Federal Circuit failed to accord proper deference to the *Watson* District Court's factual findings underlying its claim constructions.

### 3. The Supreme Court Vacates and Remands the Federal Circuit Opinion

On January 26, 2014, the Supreme Court granted Shire's petition for certiorari, vacated the Federal Circuit opinion, and remanded to the Federal Circuit for further consideration in light of *Teva Pharms. USA, Inc. v. Sandoz, Inc.*, No. 13-854, 574 U.S. ---, 2015 U.S. LEXIS 628 (U.S. Jan. 20, 2015).

## C. Impact of Supreme Court's Vacatur in Other District Court Proceedings

On February 5, 2015, Judge Middlebrooks, of the U.S. District Court for the Southern District of Florida, issued an Order administratively closing the *Shire v. Watson* case in light of the U.S. Supreme Court's action in that case.[17]

---

[16] *See, e.g.*, [Final] Opinion and Order, *Shire Dev. v. Watson Pharms., Inc.*, No. 12-60862, 2013 U.S. Dist. LEXIS 66335, at *32 (S.D. Fla. May 9, 2013) (crediting expert testimony at trial confirming construction of "inner lipophilic matrix").

[17] *See* Ex. 2, Order [Administratively Closing Case], *Shire Dev. v. Watson Pharms., Inc.*, No. 12-60862, ECF No. 300 (S.D. Fla. Feb. 5, 2015).

5

On January 29, 2015, a *Markman* hearing was held in the related *Shire v. Cadila* case, during which the effect of the Supreme Court decision was discussed. The Court expressed its scheduling concerns, given the present uncertainty surrounding claim construction.[18]

## III.  Argument

Courts have broad discretion to control their calendars and even stay cases as appropriate.[19] And, in situations where an appellate court is contemplating an issue that directly affects the outcome of the case before the district court, adjournment or stay pending resolution in the appellate court is often appropriate. Indeed, district courts routinely stay or put off their cases when the Federal Circuit is already contemplating a related claim construction. *See, e.g.*, *Alps South, LLC v. Ohio Willow Wood Co.*, 2014 U.S. Dist. LEXIS 118857, at *4 (M.D. Fla. Aug. 26, 2014) (granting motion to stay and administratively closing case pending resolution of claim construction by Federal Circuit in a related action).

Although other courts have asserted the authority to stay or administratively close a case in circumstances like this, we do not go so far in our request here. Thus, Shire respectfully submits that modification of the current schedule to allow for supplemental briefing and/or further clarity from the Federal Circuit would best serve the interests of fairness and efficiency.

---

[18] *See, e.g.*, January 29, 2015 Transcript of *Markman* Hearing before Judge Jordan, *Shire Dev. v. Cadila Healthcare Ltd.*, No. 10-581, ECF No. 369 at 38:12-17, 41:19-23, and 116:7-13 (D. Del. Jan. 29, 2015). Judge Jordan is a Court of Appeals Judge from the Third Circuit who is sitting by designation in the District of Delaware and hearing the *Cadila* case. We have not included the transcript as an exhibit because final redactions under the *Cadila* protective order have not yet been submitted. However, we understand the transcript may nonetheless be available through the court reporter in Delaware.

[19] *See, e.g., Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) ("Courts have inherent power to manage their dockets and stay proceedings."); *VirtualAgility Inc. v. Salesforce.com*, 759 F.3d 1307, 1310 (Fed. Cir. 2014) (recognizing district courts' discretion in managing their own dockets); *Freedom Sci., Inc. v. Enhanced Vision Sys.*, 2012 U.S. Dist. LEXIS 11410, at *2 (M.D. Fla. Jan. 31, 2012) (awaiting Federal Circuit claim construction, the Court stated: "This Court is imbued with the inherent power to control its docket and to stay proceedings as it believes warranted . . . ."); *Round Rock Research, LLC v. SanDisk Corp.*, 2014 U.S. Dist. LEXIS 174034 at *2 (D. Del. Dec. 17, 2014) (granting stay as to one patent-in-suit, where Federal Circuit was considering appeal of related case regarding same patent as to whether "patent exhaustion" doctrine barred claim of infringement).

### A. Supplementation of the Record Is Necessary in View of the Supreme Court's Vacatur of the Federal Circuit Opinion

At the time of briefing and the December 22, 2014 *Markman* hearing, the Federal Circuit opinion was binding authority as to the construction of the '720 patent claim terms "inner lipophilic matrix" and "outer hydrophilic matrix." The parties' briefing and argument presented at the *Markman* hearing were premised accordingly.

As a result of the Supreme Court's January 26, 2015 Order vacating the Federal Circuit opinion and remanding for further proceedings:

1. There is no Federal Circuit precedent regarding the meaning of these claims;[20]

2. The arguments made to this Court in briefing and at the *Markman* hearing regarding the Federal Circuit opinion are no longer applicable;

3. Shire, no longer bound by the Federal Circuit opinion, intends to advocate for a different claim construction – the one set forth by the District Court in *Shire v. Watson*; and

4. The Federal Circuit must revisit the *Watson* District Court's claim construction under the more deferential standard announced in *Teva v. Sandoz*.

Shire respectfully submits that supplementation of the claim construction record currently before this Court is necessary under these changed circumstances.

Generally, a Federal Circuit opinion regarding the meaning of the claims of a patent is controlling precedent for those district courts hearing cases regarding the same patent.[21] And that is why both parties focused this Court's attention on the Federal Circuit's *Shire v. Watson* opinion during our *Markman* claim construction proceedings – albeit with differing views of what that opinion meant.

---

[20] *See supra*, n.3

[21] *See Markman v. Westview Instruments*, 517 U.S. 370, 391 (U.S. 1996) (recognizing the *stare decisis* effect of the Federal Circuit's interpretation of claim language).

A review of the briefs and the argument in this Court regarding claim construction indicates that at least the terms "inner lipophilic matrix" and "outer hydrophilic matrix" were discussed and argued almost entirely with respect to the now-vacated Federal Circuit *Watson* opinion. The meaning of these terms is central to any infringement analysis of Mylan's product.[22]

No longer bound by the Federal Circuit opinion, Plaintiffs now advocate for the claim construction which was adopted by Judge Middlebrooks in the *Shire v. Watson* case. This position has not been presented to this Court thus far because at the time of claim construction briefing and argument, the *Watson* District Court claim construction had been reversed by the then-controlling Federal Circuit opinion. Shire believes that supplementation of the current record is necessary to advocate this construction.

### B. Adjournment of Expert Discovery Is Necessary to Avoid the Waste of Party and Judicial Resources

We are currently in a state of limbo as to what the controlling claim construction from the Federal Circuit will be. That claim construction affects the entire case here – specifically the infringement analysis.

An infringement analysis is a two step process involving, first, construing the claims properly and then, second, applying the properly construed claims to the accused product.[23] As a result, the Federal Circuit has noted that:

> Improper claim construction can . . . distort the entire infringement analysis.

---

[22] Mylan in fact characterizes these two terms as "key to the outcome of this case" in its Opening Claim Construction Brief. *See* ECF No. 178 at 1.

[23] *See, e.g.*, *Hormone Research Found., Inc. v. Genentech, Inc.*, 904 F.2d 1558, 1562 (Fed. Cir. 1990); *Smithkline Diagnostics, Inc. v. Helena Labs. Corp.*, 859 F.2d 878, 889 (Fed. Cir. 1988).

8

*Moeller v. Ionetics, Inc.*, 794 F.2d 653 (Fed. Cir. 1986) (reversing grant of summary judgment of non-infringement)*; see also Bausch & Lomb, Inc. v. Barnes-Hind/Hydrocurve, Inc.*, 796 F.2d 443, 450 (Fed. Cir. 1986); *Key Mfg. Group, Inc. v. Microdot, Inc.*, 925 F.2d 1444, 1448 (Fed. Cir. 1991).

Shire's expert infringement proofs turn on the claim construction that is to be applied. If the Federal Circuit claim construction changes – as we believe it should – Shire will have to present different expert proofs from those it would present if bound by the now-vacated Federal Circuit opinion. This would require new responses from Mylan as well, and potentially a new round of depositions.

Shire respectfully submits that the prudent course of action under these circumstances would be to adjourn expert discovery pending further clarity on claim construction. To move forward under the current deadlines would entail a needless waste of party and judicial resources.[24] Thus, Shire proposes modification of the current schedule such that expert discovery begins at an appropriate time after entry of a claim construction order by this Court. This would allow for the orderly resolution of claim construction issues prior to expert discovery, consistent with the current case schedule and this Court's practices in other patent litigations.

In sum, all of the efforts that are about to occur in this case – claim construction and expert analysis of infringement based upon that claim construction and depositions of those experts – are subject to upheaval depending on the Federal Circuit's action on remand from the Supreme Court. It is neither efficient nor prudent in our view to proceed until this Court or the Federal Circuit has provided clarity.

---

[24] In fact, this Court noted that "if the Supreme Court is inclined to accept cert, that also raises a concern for the court, again, of not wanting to waste the parties' resources or expend judicial resources." November Teleconference Tr. at 13:3-6.

### C. No Prejudice to Mylan

Further, there will be no prejudice to Mylan from the granting of supplemental briefing and adjustment of the schedule. ███████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████████████

█████████████████████████████

### IV. Conclusion

For all of the reasons set forth above, Plaintiffs urge that the Court: (1) grant leave for Plaintiffs to submit supplemental briefing (and/or argument) on claim construction and (2) adjust the case schedule for expert reports and discovery to follow the resolution of claim construction (either by this Court or the Federal Circuit).

Due to the immediate nature of the parties' obligations under the current deadlines for expert discovery, Shire further requests that the Court consider these issues on an expedited basis.

/s/ Paul D. Watson
Paul D. Watson, Esq.
Florida Bar No. 957224
SIVYER BARLOW & WATSON, P.A.
SunTrust Financial Centre
401 E. Jackson Street, Suite 2225
Tampa, Florida 33602
pwatson@sbwlegal.com
trichard@sbwlegal.com
Tel: (813) 221-4242
Fax: (813) 227-8598

---

████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████

        Jason A. Lief
        Andrew Wasson
        Joseph Saphia
        Elizabeth Murphy
        Erika Selli
        FROMMER LAWRENCE & HAUG LLP
        745 Fifth Avenue
        New York, New York 10151
        jLief@flhlaw.com
        awasson@flhlaw.com
        jsaphia@flhlaw.com
        emurphy@flhlaw.com
        eselli@flhlaw.com
        Tel: (212) 588-0800
        Fax: (212) 588-0500

        Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

      I hereby certify that on February 6, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to:

Rory J. Diamond
McGuireWoods LLP
50 N. Laura Street, Suite 3300
Jacksonville, Florida 32202
rdiamond@mcguirewoods.com

Cedric C.Y. Tan
ctan@mcguirewoods.com
McGuireWoods LLP
2001 K Street, NW, Suite 400
Washington, DC 20006
ctan@mcguirewoods.com

Timothy H. Kratz
George J. Barry III
Micheal L. Binns
Meghan M. Rachford
Jessica M. Hauth
McGuireWoods LLP
1230 Peachtree Street N.E., Suite 2100
Atlanta, Georgia 30309-3534
tkratz@mcguirewoods.com
gbarry@mcguirewoods.com
mbinns@mcguirewoods.com
jhauth@mcguirewoods.com

                            /s/ Paul D. Watson
                            Paul D. Watson