UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHIRE DEVELOPMENT LLC, SHIRE
PHARMACEUTICAL DEVELOPMENT
INC., COSMO TECHNOLOGIES LIMITED,
and NOGRA PHARMA LIMITED,
      Plaintiffs,

vs.                                    CASE NO.: 8:12-cv-01190-CEH-AEP

MYLAN PHARMACEUTICALS INC., and
MYLAN INC.,

      Defendants.
_____

**DEFENDANTS' RESPONSE IN OPPOSITION TO SHIRE'S EXPEDITED MOTION
FOR SUPPLEMENTAL BRIEFING AND ADJOURNMENT OF EXPERT
DISCOVERY DEADLINES AND INCORPORATED MEMORANDUM OF LAW**

Defendants' Mylan Pharmaceuticals Inc. and Mylan Inc. (collectively, "Mylan"), by and through their undersigned counsel, hereby file their Response in Opposition to the Expedited Motion for Supplemental Briefing and Adjournment of Expert Discovery Deadlines ("Motion") (Docket Entry or "D.E." 221) filed by Plaintiffs Shire Development LLC, Shire Development Inc., Cosmo Technologies Limited, and Nogra Pharma Limited (collectively, "Shire"), and state as follows:

    I.      INTRODUCTION AND BACKGROUND

Shire contends that it should get a do-over on the claim construction proceedings because it was somehow precluded from making arguments to this Court that it made to the U.S. District Court for the Southern District of Florida in *Shire Dev. LLC v. Watson Pharms., Inc.*, No. 12-60862, 2013 U.S. Dist. LEXIS 66335 (S.D. Fla. May 9, 2013) (the "*Watson*

case"). Specifically, Shire contends, in conclusory fashion, that it was bound to accept the Federal Circuit's ruling reversing the Southern District's claim construction ruling in the *Watson* case. *See generally Shire Dev., LLC v. Watson Pharms., Inc.*, 746 F.3d 1326 (Fed. Cir. 2014). This is not true and it is telling that Shire provides no authority supporting its position.

At the time of this case's claim construction hearing, Shire had already appealed the Federal Circuit's ruling – a fact that Shire reminded this Court of during the claim construction hearing. Transcript of the December 22, 2014, Claim Construction hearing at 30:14-19 and 31:9-16. Thus, Shire must have felt that it had a good-faith, non-frivolous basis for trying to convince the U.S. Supreme Court that the Federal Circuit erred and should be reversed. Nothing prohibits a party from making "non-frivolous argument[s]" for changing "existing law." *See* Fed. R. Civ. P. 11(b)(2). In sum, it was not the Federal Circuit's decision that precluded Shire from advocating for the same claim constructions as in the *Watson* case – it was Shire's litigation strategy.

Shire's request to argue now what it could have argued previously is untimely and prejudicial, not only to Mylan, but also to the Court, which already set aside its resources for the better part of a full day for technology tutorials and a claim construction hearing, during which the Court imposed no restrictions on Shire's ability to advocate for the claim constructions it considered to be correct. Therefore, respectfully, Shire's request for "supplemental" claim construction proceedings, which is for all practical purposes a request to amend its proposed constructions wholesale, should be denied.

Shire's additional request to delay these proceedings while the Federal Circuit considers the effect, if any, of the U.S. Supreme Court's decision in *Teva Pharms. USA, Inc. v. Sandoz, Inc.*, 135 S. Ct. 831, 190 L. Ed. 2d 719 (2015) (the "*Teva* decision"), on the *Watson* decision, should also be denied. The *Teva* decision, which Shire makes no attempt to analyze for the Court, clearly delineates when the Federal Circuit must apply a deferential standard to a district court's claim construction ruling: If the district court bases its decision on extrinsic evidence, factual findings regarding the extrinsic evidence are reviewed for clear error. *See id.* at 729.[1] In the *Watson* case, however, the district court's claim constructions were based solely on the intrinsic record and the plain meaning of the relevant claim terms at issue in this case. *See Shire Dev., LLC, v. Watson Pharms., Inc.*, No. 12-60862, 2013 U.S. Dist. LEXIS 8566, at *17-*20 (S.D. Fla. Jan. 16, 2013) (construing "inner lipophilic matrix" and "outer hydrophilic matrix").

Therefore, the constructions adopted by the Southern District were appropriately subject to review *de novo*. *See Teva Pharmaceuticals USA, Inc.*, 190 L. Ed. 2d at 733 ("[W]hen the district court reviews only evidence intrinsic to the patent (the patent claims and specifications, along with the patent's prosecution history), the judge's determination will amount solely to a determination of law, and the Court of Appeals will review that construction *de novo*.") The Federal Circuit, thus, has no reason to change its ruling in the *Watson* case, and the *Teva* decision should not serve as a basis for delaying these proceedings. Apparently recognizing that it cannot satisfy the standards for staying this case—which Shire previously, unsuccessfully attempted to do—Shire states that it "do[es]

---

[1] Pin cites to the *Teva* decision refer to the Lawyers' Edition 2d.

not go so far" to request a stay in this case. (D.E. 221 at 6.) Yet, by asking the Court for a "modification of the current schedule" to obtain "further clarity from the Federal Circuit" Shire is in effect requesting a stay. Shire has failed to satisfy its burden of demonstrating that its requested delay is appropriate in these circumstances, and any delay in these proceedings runs the significant risk of severe prejudice to both Mylan and the public, which would benefit from Mylan's lower cost alternative to Shire's drug product. Shire's Motion should, therefore, be denied.

## II. MEMORANDUM OF LAW

### A. Shire's Request to Now Argue Claim Constructions That it Could Have Argued Previously Should be Denied as Untimely, Unwarranted and Prejudicial.

Shire's argument—indeed the very premise of its Motion—that it was somehow precluded from proposing the very same claim constructions in this case that it proposed in the *Watson* case is unfounded. Notably, Shire cites no authority for its premise, and Shire's position conveniently ignores the fact that, during the claim construction briefing and hearing in this case, Shire itself had appealed the Federal Circuit's decision that it now describes, without analysis, as having some sort of a preclusive effect. *See Shire Dev., LLC v. Watson Pharms., Inc.*, No. 13-1409, (D.E. 74) (petition for writ of certiorari to the U.S. Supreme Court filed Aug. 25, 2014). The only rule that conceivably could have precluded Shire from arguing positions inconsistent with the Federal Circuit's decision is Rule 11 of the Federal Rules of Civil Procedure. That rule, however, does not preclude a party from making a good faith argument that controlling law is wrong and/or should be changed. *See* Fed. R. Civ. P. 11(b)(2). Indeed, if Shire truly believed, as it now incorrectly suggests, that the Federal

4

Circuit applied an incorrect standard of review, it was incumbent upon Shire to argue in the alternative in the first instance.

Aside from Shire's highly optimistic (and, in truth, unrealistic) suggestion that the Federal Circuit may possibly change its constructions (or affirm the Southern District's constructions), Shire provides no basis for its request. Notably, Shire has not pointed to a single holding in the *Teva* decision that suggests the Federal Circuit's *Watson*'s decision was incorrect. And, as discussed further below, it is extremely unlikely that the outcome of the *Watson* appeal will change.

Furthermore, to allow supplemental briefing now would be highly prejudicial both to Mylan, which would be required to expend significant additional resources re-visiting claim construction to address Shire's late arguments, as well as the Court, which itself has devoted considerable resources to hearing the parties' timely and fully-briefed arguments. For these reasons, in addition to those discussed below, Mylan respectfully requests that the Court deny Shire's Motion.

> **B.   Shire's Request for Further Claim Construction Briefing Should be Denied Because the Federal Circuit Appropriately Reviewed the Southern District's Decision *De Novo* and Shire's Proposal Necessarily Would Cause a Delay Prejudicial to Mylan.**

To justify the delay that it requests, which would in effect stay the case by rendering it virtually impossible to complete expert discovery in sufficient time to prepare for trial in August, Shire must demonstrate that the delay will "(1) simplify the issues and streamline trial; (2) reduce the burden of litigation on the parties and the court; and (3) not unduly prejudice the non-movant." *CANVS Corp. v. FLIR Sys., Inc.*, No. 14-180, 2014 U.S. Dist. LEXIS 78907 at *3-4 (M.D. Fla. June 10, 2014). In this instance, Shire has not attempted to

address a single one of these factors. Instead, its sole (asserted) basis for seeking delay is its speculative assertion that the Federal Circuit may reverse course and possibly affirm the Southern District's claim construction in the *Watson* case. Even if this assertion would be sufficient to satisfy the criteria outline above (it is not), it is nonetheless clear that the Federal Circuit's earlier review of the Southern District's decision was entirely consistent with the relevant holdings in the *Teva* decision.

The Supreme Court in *Teva* held that, when reviewing district court claim constructions, the Federal Circuit must apply a *de novo* standard of review to findings of law and a deferential review for clear error to findings of fact. *Teva Pharms. USA, Inc.,* 190 L. Ed. 2d at 729-33. In explaining its holding, the Supreme Court stated:

> We recognize that a district court's construction of a patent claim, like a district court's interpretation of a written instrument, often requires the judge only to examine and to construe the document's words without requiring the judge to resolve any underlying factual disputes. As all parties agree, when the district court reviews only evidence intrinsic to the patent (the patent claims and specifications, along with the patent's prosecution history), the judge's determination will amount solely to a determination of law, and the Court of Appeals will review that construction *de novo*.

*Id.* at 733. Indeed, as the Supreme Court noted in the language quoted above, this point was not even in dispute in the *Teva* case. *Id.* Only when the district court bases its claim constructions on ***extrinsic*** evidence are the district court's constructions entitled to the heightened, clear error, standard of review. *Id.*

In *Watson*, the Federal Circuit reversed the Southern District's constructions of "inner lipophilic matrix" and "outer hydrophilic matrix." *Shire Dev, LLC*, 746 F.3d at 1334. It did so based on the terms' plain and ordinary meanings as well as a review of the intrinsic record, both of which implicate only issues of law. *Id.* at 1330-34; *see also Teva Pharms.*

6

*USA. Inc.*, 190 L. Ed. 2d at 733. The word "extrinsic" notably does not appear anywhere in the Federal Circuit's *Watson* decision.

Nor did the Southern District in the *Watson* case cite any extrinsic evidence when construing "inner lipophilic matrix" or "outer hydrophilic matrix." Its decision on both of those terms relied solely on the language of the patent and intrinsic evidence. *See Shire Dev.*, 2013 U.S. Dist. LEXIS 8566, at *16-*20 (discussing only the terms' plain meaning and the patent's specification and prosecution history). Indeed, in the one instance where the Southern District looked to extrinsic evidence—in construing the term "melting points," which is not at issue in this case—it was explicit in doing so. *Id.* at *29-30 ("In reviewing the intrinsic evidence, the Court finds nothing to tip the scale in favor of one construction over another. Thus, for purposes of construing 'melting points,' the Court turns to extrinsic evidence.").

Shire's decision not to share with the Court or Mylan its own analysis of the *Teva* decision and its potential impact on the Federal Circuit's *Watson* decision speaks volumes. To be sure, when it filed its Motion Shire was well-aware of Mylan's position, which Mylan clearly articulated in response to Shire's notice to the Court regarding the *Teva* decision. *See* Mylan's Response to Notice of Decision (D.E. 217 at 1). Therefore, Shire's decision to forego any relevant legal analysis provides a strong indication that Shire has no basis to disagree with Mylan's assessment.

Even if the Court were to assume that additional claim construction proceedings may be necessary at some point later in the case, that alone is not a sufficient basis for modifying the schedule. Although the Court is within its discretion to hold early claim construction

proceedings, parties often are expected to prepare their cases and proceed to trial without any understanding as to how the court may construe claim terms. *See, e.g., Glaxosmithkline PLC v. Hikma Pharm. Co.*, No. 12-1965, 2012 U.S. Dist. LEXIS 115736 at *2-*3 and *36-*47 (D.N.J. July 31, 2012) (construing the term "saccharide" following a four-day bench trial); *Princeton Biochemicals, Inc. v. Beckman Coulter, Inc.*, No. 96-5541, 2004 U.S. Dist. LEXIS 11918, at *20-*21 (D.N.J. June 17, 2004) (noting that the court conducted its claim construction hearing during trial); *Key Pharms., Inc. v. Hercon Labs. Corp.*, 981 F. Supp. 299, 305-306 and 319 (D. Del. 1997) (rendering claim constructions in conjunction with findings on infringement and patent validity following trial).

Indeed, in the Southern District *Watson* case, the district court issued its claim construction rulings after expert discovery and only about three months prior to trial. *See Shire Dev, LLC*, No. 12-60862, (D.E. 33) (scheduling order), (D.E. 147) (claim construction order), (D.E. 227) (minute entry for start of trial). Consequently, Shire itself completed discovery, including expert discovery, prior to the issuance of claim construction rulings in the *Watson* case. It is, thus, difficult to understand how Shire can now argue for delay for the reasons set forth in its Motion, particularly when trial in this case is not set to begin for more than five months. In any event, clearly Shire's Motion fails to establish that a further delay would simplify issues for trial or reduce the parties' litigation burdens.

Furthermore, Shire's statement that its Motion would not prejudice Mylan flies in the face of what the parties and Court know to be true: Any modification in the schedule that may delay the ultimate resolution of this case risks severe prejudice to Mylan's ability to market its product upon FDA approval. Moreover, it is not just Mylan that would be

prejudiced by any such delay. The Hatch-Waxman Act central to this litigation was specifically designed to, *inter alia*, speed up the process by which low-cost generic drugs are introduced to U.S. consumers. *See, e.g.*, *Caraco Pharm. Labs., Ltd. v. Novo Nordisk A/S*, 132 S. Ct. 1670, 1676 (2012) (noting that the Hatch-Waxman act was designed "[t]o facilitate the approval of generic drugs as soon as patents allow"). Therefore, while circumstances may exist that may arguably justify the prejudice Shire now seeks to cause, Shire's basis for its request under present circumstances falls far short.

### III.  CONCLUSION

The Court should deny Shire's request for new claim construction proceedings and schedule delay. Despite having appealed the Federal Circuit's decision to the U.S. Supreme Court, Shire chose not to argue alternatively for the constructions adopted by the Southern District in the *Watson* case. It could have done so, and its request to do so now is untimely and would, if granted, be highly prejudicial to Mylan and the Court. Moreover, its request for further delay—one more in a long sequence of such requests—is unfounded. First, Shire did not even attempt to satisfy the criteria for the delay it has requested; second, Shire's concern that the Federal Circuit will change its holding in the *Watson* case based on the Supreme Court's *Teva* decision is completely unfounded and unsupported by even a superficial stab at a legal argument; and, third, any delay would be highly prejudicial to Mylan and the public. For these reasons, respectfully, Shire's Motion should be denied.

Dated:   February 20, 2015         M<small>C</small>G<small>UIRE</small>W<small>OODS</small> LLP


By: */s/ Kimberly T. Mydock*
    R. Eric Bilik
    Florida Bar No. 0987840
    Kimberly T. Mydock
    Florida Bar No. 0100571
    McGuireWoods LLP
    50 N. Laura Street, Suite 3300
    Jacksonville, FL 32202
    Tel:  (904) 798-3200
    Fax: (904) 360-6304
    ebilik@mcguirewoods.com
    kmydock@mcguirewoods.com

    George J. Barry III
    Florida Bar No. 0738352
    Jessica M. Hauth
    Florida Bar No. 0060335
    McGuireWoods LLP
    1230 Peachtree Street N.E., Suite 2100
    Atlanta, GA 30309-3534
    Tel:  (404) 443-5500
    Fax: (404) 443-5599
    gbarry@mcguirewoods.com
    jhauth@mcguirewoods.com

*Of counsel:*

Timothy H. Kratz
*Admitted Pro Hac Vice*
Micheal L. Binns
*Admitted Pro Hac Vice*
McGuireWoods LLP
1230 Peachtree Street N.E., Suite 2100
Atlanta, GA 30309-3534
Tel: (404) 443-5500
Fax: (404) 443-5599
tkratz@mcguirewoods.com
mbinns@mcguirewoods.com

*Attorneys and Trial Counsel for Mylan Pharmaceuticals Inc. and Mylan Inc.*

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on February 20, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

| | |
|---|---|
| Paul D. Watson | Andrew Wasson |
| Jacqueline T. Carricato | Elizabeth Murphy |
| Sivyer, Barlow & Watson, PA | Jason A. Lief |
| Suite 2225 | Mark P. Walters |
| 401 E. Jackson Street | David A. Zwally |
| Tampa, FL 33602 | Dan Constantinesceu |
| Tel: (813) 221-4242 | Frommer, Lawrence & Haug, LLP |
| Fax: (813) 227-8598 | 745 Fifth Avenue |
| pwatson@sbwlegal.com | New York, NY 10151 |
| jcarricato@sbwlegal.com | Tel: (212) 588-0800 |
| | Fax: (212) 588-0500 |
| | awasson@flhlaw.com |
| | emurphy@flhlaw.com |
| | jlief@flhlaw.com |
| | mwalters@flhlaw.com |
| | dwally@flhlaw.com |

                                          */s/ Kimberly T. Mydock*
                                          Kimberly T. Mydock

64737831_1