UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHIRE DEVELOPMENT, LLC, SHIRE
PHARMACEUTICAL DEVELOPMENT,
INC., COSMO TECHNOLOGIES
LIMITED and NOGRA PHARMA
LIMITED,

    Plaintiffs,

v.                                              Case No: 8:12-cv-1190-T-36AEP

MYLAN PHARMACEUTICALS, INC. and
MYLAN, INC.,

    Defendants.
_____/

# **O R D E R**

This cause comes before the Court upon the Report and Recommendation filed by Magistrate Judge Anthony E. Porcelli on November 9, 2018 (Doc. 557). In the Report and Recommendation, Magistrate Judge Porcelli recommends that: Defendants' Motion for Taxation of Costs (Doc. 552) be denied, or, in the alternative, if the Court should find excusable neglect for the untimeliness of the Motion, then Defendants' Motion for Taxation of Costs (Doc. 552) be granted-in-part and denied-in-part, to the extent that Defendants should be awarded costs in the following amounts: Fees for Hearing and Trial Transcripts $4,789.40, Fees for Deposition-related invoices $42,940.40, and Fees for E-discovery $9,953.96, for a total of $57,683.76.

All parties were furnished copies of the Report and Recommendation and were afforded the opportunity to file objections pursuant to 28 U.S.C. § 636(b)(1). No such objections were filed. Upon consideration of the Report and Recommendation, and upon this Court's independent examination of the file, it is determined that the Report and Recommendation should be adopted in part.

Specifically, the Court has independently reviewed the record and agrees that the Defendants have not demonstrated excusable neglect. Although somewhat unusual, nothing about this case's procedural history left any doubt regarding the Defendants' deadline to file the Motion for Taxation of Costs (the "Motion"). The Local Rules for the Middle District of Florida require parties seeking costs to file a motion within fourteen days from the date of the entry of judgment. M.D. Fla. L.R. 4.18.

As noted in the Report and Recommendation, the Court directed the Clerk to strike the previous judgment from the docket. Doc. 536. Then it entered the Final Judgment finding in Defendants' favor. Doc. 537. Thus, the record shows a clear, single, final judgment in favor of the Defendants. Defendants filed the Motion almost a year later apparently on the assumption that it would not be ripe until the Eleventh Circuit issued an order on Plaintiffs' appeal. *See* Doc. 552 at 2. Defendants neither moved for an extension of time to file the Motion, nor requested a stay of the issue pending appeal. At bottom, Defendants have not demonstrated excusable neglect for their untimeliness.

Although the prevailing party presumptively is entitled to recover costs, *see* Fed. R. Civ. P. 54(d)(1), courts in the Middle District of Florida routinely deny untimely requests to tax costs. *See, e.g., Abdullah v. Osceola Cty. Sheriff*, No. 614CV629ORL40TBS, 2015 WL 12859334, at *1 (M.D. Fla. Dec. 1, 2015), *report and recommendation adopted*, No. 614CV629ORL40TBS, 2015 WL 12856107 (M.D. Fla. Dec. 21, 2015) (cases cited therein). Thus, the Court will deny the Defendants' Motion for Taxation of Costs.

Accordingly, it is now

**ORDERED**:

(1) The Report and Recommendation of the Magistrate Judge (Doc. 557) is adopted, as set forth in this Order, to the extent that it recommends the denial of Defendants' Motion for Taxation of Costs, for all purposes including appellate review.

(2) Defendants' Motion for Taxation of Costs (Doc. 552) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida on December 3, 2018.

Charlene Edwards Honeywell
United States District Judge

Copies to:
The Honorable Anthony E. Porcelli
Counsel of Record